[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 25, 1993 Date of Application June 25, 1993 Date Application Filed June 25, 1993 Date of Decision April 26, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
Donald D. Dakers, Esq. Defense Counsel, for Petitioner
Robert O'Brien, Esq. Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
After trial by jury, petitioner was convicted of murder, in violation of Connecticut General Statutes § 53a-54a and criminal trespass in the first degree, in violation of Connecticut General Statutes § 53a-107(a)(2). As a result of such conviction, a sentence of forty-eight years was imposed on the first charge and a concurrent one year sentence was imposed on the second charge. The total effective sentence was forty-eight years.
The facts underlying petitioner's conviction indicate that he and the victim had a prior relationship and had been CT Page 5753 engaged to be married. On April 16, 1991, a restraining order was issued by the court prohibiting petitioner from entering the dwelling occupied by the victim and her two year old daughter. On or about May 19, 1991, petitioner, being upset over the way the victim had treated him, called a friend and told him that he was going to get even with the victim and make her pay. Later that evening, he called the victim's home and talked to a friend. He told this person that he was going to come over and kill both that person and the victim. The victim then called the police. When the police failed to arrive, the victim and her friend went to the movies. Upon returning home the victim and her two year old daughter entered the apartment. Prior to the victim returning to her apartment, petitioner had jimmied the locks and entered the premises. When the victim entered the premises she was confronted by petitioner. Petitioner stabbed the victim five times inflicting a fatal wound to her chest. There were also defensive wounds to the left hand and wrist. Petitioner fled the apartment but was later apprehended. Petitioner's attorney argued that the sentence was disproportionate and should be reduced. He recited a series of domestic problems between the victim and petitioner. He stated that the victim, while engaged to petitioner, was seeing another man. The attorney argued that petitioner violated the restraining order to discuss this matter with the victim. He stated that when the victim discovered petitioner a fight started with the victim coming after petitioner with a knife and spraying him with mace.
The attorney pointed out that petitioner turned himself in to the police after the crime and that although he had a criminal record it was mostly misdemeanors. Under all circumstances it was claimed that the sentence imposed was excessive and should be reduced to one close to the minimum.
The state's attorney argued that the sentence should not be reduced. He pointed out that the petitioner had threatened to kill the victim and that he did kill her in front of her two year old daughter. The attorney pointed out the affect which this offense had on the victim, a twenty year old woman and her family. He also stated that petitioner had a prior record of violence towards women.
The fatal assault on the victim in this case was perpetrated by the petitioner after the issuance of a CT Page 5754 protective order. Petitioner's action in carrying out the assault after the issuance of the order is indicative of a lack of respect for society and the judicial system. Considering all of the factors involved, the sentence imposed was minimal and should not be reduced. The sentence was not inappropriate or disproportionate in light of the seriousness of the offense and the character of the offender. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.